UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN<br>  MORTGAGE CORP.,<br>        Plaintiff<br><br>v.<br><br>JEFFREY D. LITANO, a/k/a<br>  JEFFREY D.S. LITANO,<br>  SARA DUPRAT<br>        Defendants | )<br>)<br>)<br>)   Civil Action No. 3:15-10019-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT JEFFREY D. LITANO'S MOTION TO REMAND
(Dkt. 11)

ROBERTSON, U.S.M.J.

This summary process eviction action was initiated by plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") against the defendants, Jeffrey D. Litano (Mr. Litano) and Sara Duprat ("Ms. Duprat"), in the District Court Department of the Massachusetts Trial Court. Represented by counsel, Mr. Litano transferred the matter to the Massachusetts Housing Court and asserted various counterclaims against Freddie Mac. Invoking 12 U.S.C., § 1452(f) ("Section 1452(f)"), Freddie Mac then removed the case to this court (Dkt. 1). Now before the court is Mr. Litano's motion to remand the case to the Massachusetts Housing Court (Dkt. 11). The motion has been referred to the undersigned by District Judge Michael A. Ponsor for a report and recommendation (Dkt. 18). *See* 28 U.S.C. § 636(b)(1)(B). Mr. Litano's remand motion poses an interesting question of law which, it appears, has not been addressed in this circuit: whether the provisions of Section 1452(f) provide a basis for Freddie Mac, having initially chosen to file suit in state court, now to remove the case to this court. Concluding that,

1

as a matter of statutory interpretation, the better answer is no, the court will recommend that Mr. Litano's motion to remand be granted.

## Background and Procedural History

The procedural background to this case is undisputed. On November 24, 2014, Freddie Mac served a complaint for summary process on Mr. Litano and Ms. Duprat alleging that they continued to hold over and occupy 32 Madison Place in Pittsfield after a public foreclosure auction and beyond the time provided in a notice to quit and vacate (Dkt. 1-3). On December 8, 2014, Mr. Litano removed the summary process action to the Housing Court pursuant to Rule 4 of the Uniform Summary Process Rules (Dkt. 12). In Mr. Litano's answer to the complaint, he alleged, in some detail, that on or around July 16, 2014, PNC Bank, NA, wrongfully foreclosed on his home. He asserted counterclaims of equitable rescission; breach of the duty of strictest good faith and utmost diligence in connection with the sale of his home; breach of contract; and unfair and deceptive practices in violation of Massachusetts General Laws ch. 93A. As relief, he asked, among other things, that the court find that Freddie Mac's attempted foreclosure was invalid, and that Freddie Mac be directed to take all actions necessary to correct the record title (Dkt. 1-4).

On January 6, 2015, notwithstanding its status as plaintiff in the state court action, Freddie Mac filed a notice of removal to this court (Dkt. 1). Mr. Litano's motion to remand was timely filed on February 5, 2015 (Dkt. 11).

## Standard of Review

"The 'threshold issue' in removal matters such as this is subject matter jurisdiction." *Rodriguez v. Fed. Nat. Mortg. Ass'n,* 268 F. Supp. 2d 87, 89 (D. Mass. 2003). Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil case presenting "a claim or right arising under the

Constitution, treaties or law of the United States." "The federal courts have interpreted this statutory grant of power narrowly." *Kingsley v. Lania,* 231 F. Supp. 2d 93, 95 (D. Mass. 2002); *see also Therrien v. Hamilton,* 881 F. Supp. 76, 78 (D. Mass. 1995). Upon a motion to remand, the burden is on the removing party to show that federal subject matter jurisdiction exists. *See BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.,* 132 F.3d 824, 830-831 (1st Cir. 1997); *Bally v. Nat'l Collegiate Athletic Assoc.,* 707 F. Supp. 57, 58 (D. Mass. 1988). "Doubts about the propriety of removing should be resolved in favor of remand." *Rodriguez,* 268 F. Supp. 2d at 89 (citing *Am. Bldgs Co. v. Varicon, Inc.,* 616 F. Supp. 641, 643 (D. Mass. 1985)).

**Discussion**

"Ordinarily, a removal action is instigated by the party that had no choice in selecting the forum – the defendant." *Ocwen Loan Servicing, LLC v. Mickna,* No. 5:14-CV-05330, 2015 WL 685264 *3 (W.D. Ark. Feb. 17, 2015).[1] "There appear to be only a handful of district court cases speaking to the propriety of removal [by Freddie Mac as a plaintiff] pursuant to 12 U.S.C. § 1452, and none of them originate from this circuit." *Id.* at *3. Freddie Mac argues that its entitlement to remove the case is derived from Section 1452(f) of its chartering statute, which provides, in part, that:

> [n]otwithstanding section 1349 of Title 28 or any other provision of law[]:
>
> (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of . . . Title 28;
> (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and
> (3) any civil or other action, case or controversy in a court of a State or in any court other than a district court of the United States, to which the Corporation

---

[1] Freddie Mac was also a plaintiff in this case.

3

> is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending . . ., by following any procedure for removal of causes in effect at the time of such removal.

It cannot be said that a consensus has emerged among the district courts that have considered the issue raised here. On the one hand, there are district courts which, relying primarily on the use of the word "party" in Section 1452(f)(3), have concluded that the plain language of the statute "indicates that Freddie Mac need not be a defendant to remove a case to federal court." *Freddie Mac v. Brooks,* 3:11cv313-WHA, 2011 WL 2619132 *2 (M.D. Ala. July 1, 2011); *see also Fed. Home Loan Mortg. Corp. v. Pihakis,* CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013); *Fed. Home Loan Mortg. Corp. v. D'Antonio,* Civ. A. No. 94-287, 1994 WL 117789 (E.D. La. March 30, 1994). Freddie Mac argues that this interpretation of Section 1452(f) is further supported by *In re Franklin Nat'l Bank Sec. Litig. v. Andersen,* 532 F.2d 842 (2d Cir. 1976), in which the Court held that the FDIC was entitled, on the basis of its statutory authority, 12 U.S.C. § 1819(4) ("Section 1819") and its status as receiver of a national bank, to remove a derivative matter to federal court notwithstanding its status as a party plaintiff. *See id.* at 843. According to Freddie Mac, the removal language in Section 1819 is similar to the removal language in Section 1452 in that it authorizes the FDIC to remove "any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation *or the Corporation is substituted as a party.*" 12 U.S.C. § 1819(2)(B) (emphasis supplied). The Second Circuit held that by this language, Congress must have intended to permit the FDIC to remove actions in which it was "subrogated or a realigned derivative suit plaintiff," not just when it was a defendant. *Andersen,* 532 F.2d at 845. The *Andersen* Court noted that it

was logical for Congress to have concluded that such claims, involving national banks and the fiduciary duties of their directors and officers, should be pursued by the insuring agency in the federal courts. *Id.*

On the other hand, as Mr. Litano points out in his motion to remand, other district courts have concluded that the removal provisions in Section 1452(f) cannot be read so broadly as to place Freddie Mac in a uniquely privileged position with regard to removal or that abstention was appropriate in view of the fact that foreclosure and eviction are peculiarly matters of state law and concern, or both. *See Ocwen Loan Servicing, LLC,* 2015 WL 685264 at **2-7 (remanding on the basis of statutory construction, deeming abstention appropriate, and finding Freddie Mac's conduct in the case to constitute inappropriate forum shopping and a third basis for remand); *Fed. Home Loan Mortg. Corp. v. Shaffer,* 2:14-cv-1690-WMA, 2014 WL 7180777 (N.D. Ala. Dec. 17, 2014) (remanding based on statutory construction); *Fed. Home Loan Mortg. Corp. v. Mitchell,* Civil No. 13-2812 (JRT/JSM), 2014 WL 1663421 (D. Minn. April 25, 2014) (defendants removed; remanding based on abstention);[2] *Fed. Home Loan Mortg. Corp. v. Amersey,* No. 13-13753, 2014 WL 1400086 (E.D. Mich. April 9, 2014) (remanding based on statutory construction). At oral argument, defense counsel further suggested that Freddie Mac's removal of the case, which was admittedly based in significant part on the fact that Mr. Litano had asserted counterclaims aimed at the validity of the foreclosure on his home, carried a whiff of forum shopping, in that Freddie Mac was content to avail itself of a state forum and the speedy process reflected in the Uniform Summary Process Rules when it was a matter of a

---

[2] The *Mitchell* case was one of a series of eviction actions removed from state to federal court by the same attorney for defendants in a series of similar cases. Freddie Mac moved to remand the *Mitchell* case to state court, and to sever and dismiss the defendants' counterclaims for quiet title and declaratory judgment. The *Mitchell* court remanded the case to state court without considering Freddie Mac's motions to sever and dismiss. *See Fed. Home Loan Mortg. Corp. v. Mitchell,* Civil No. 13-2812 (JRT/JSM), 2014 WL 1663421 (D. Minn. April 25, 2014) *1 & n.4.

simple eviction of an unrepresented holdover tenant, but removed the case to federal court when the defendant obtained counsel and asserted counterclaims.

Having reviewed the parties' submissions, the cases cited by the parties and other authority, the undersigned finds Mr. Litano's position more persuasive and recommends remand to the Massachusetts Housing Court based on the scope of the removal power set forth in Section 1452.

### A. Statutory Interpretation

The backdrop for this discussion is the general and well-established principle – and limit on federal jurisdiction – that, as to a case brought in state court, only a defendant has the power of removal. *See* 28 U.S.C. § 1441; *see also, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941) (it is just and proper to require plaintiff to abide by initial selection of forum; plaintiff cannot remove case based on federal question counterclaim). This is so even when the United States or a federal agency or official is a party. *See generally* 28 U.S.C. § 1442. With this backdrop in mind, the courts in *Shaffer* and *Amersey* laid out detailed and persuasive interpretations of the provisions of Section 1452, from which the following discussion borrows liberally.

Freddie Mac purchases home mortgages from lenders and sells securities to the public to fund the purchases. *See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.,* 75 F.3d 1401, 1404 (9th Cir. 1996). It serves the important public and governmental interest of "increasing the availability of mortgages on housing for low- and moderate-income families and . . . promoting nationwide access to mortgages." *Id*. at 1407. Nonetheless, as the *Shaffer* court pointed out, Freddie Mac does not meet the definition of a federal agency set forth in 28 U.S.C. § 451 because the United States does not have a "proprietary interest" in Freddie Mac, which is

6

privately owned and publicly traded, structured to function independently of the federal government to a large extent, and receives no appropriations from Congress. *See Shaffer,* 2014 WL 7180777, at *3. Notwithstanding the provisions of 28 U.S.C. § 1349, which prohibit the exercise of federal jurisdiction over civil actions by or against any corporation on the ground that it was incorporated by Congress unless the United States is the owner of more than one half of the corporation's stock, Section 1452 "deems" Freddie Mac a federal agency included in sections 1345 and 1442 of Title 28 and thus provides Freddie Mac with access to the federal courts that it would not otherwise enjoy. *See* 12 U.S.C. § 1452(f)(2) (civil actions to which Freddie Mac is a party are deemed to arise under federal law without regard to amount in controversy).

As the *Shaffer* court observed, it fairly appears from the language and construction of Section 1452 that Congress intended that Freddie Mac be deemed a federal agency within the jurisdictional limits and for the purposes that appear in 28 U.S.C. §§ 1345 and 1442. Section 1345 provides, in its entirety, that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced* by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." (Emphasis supplied.) Thus, Congress authorized Freddie Mac to bring suit in federal court notwithstanding the possible state law nature of the claims asserted. Section 1442 provides that when any civil action or a criminal prosecution is *commenced* in a state court *against*, *inter alia,* the United States or any agency thereof, any such action "may be removed . . . to the district court of the United States for the district and division embracing the place wherein [such action or prosecution] is pending." 28 U.S.C. § 1442(a) (emphasis supplied). Thus, Congress authorized Freddie Mac to remove to federal court actions in which it is named as a

7

defendant.[3] The undersigned agrees that, notwithstanding the use of the word "party" in Section 1452(f)(3), "Congress could not have gone to the trouble carefully to limit Freddie Mac's court access to the particular situations referenced in §§ 1345 and 1442, while immediately wiping out the limitations it had just imposed. . . . The separate language in § 1452(f)(3) that admittingly [sic] would extend Freddie Mac's time for removal does not alter the jurisdictional limitations unambiguously imposed by § 1452(f)(1), and those necessarily implied in 28 U.S.C. § 1441." *Shaffer,* 2014 WL 71880777, at *5; *see also Ocwen Loan Servicing,* 2015 WL 685264 at *4 (when Congress provided that Freddie Mac would be treated as a government agency for purposes of sections 1345 and 1442 of Title 28, it could not also have meant to exempt Freddie Mac from the basic removal parameters of Title 28); *Amersey,* 2014 WL 1400086, at *3 (construction that would permit Freddie Mac as plaintiff to remove would be incongruous in view of "long-standing statutory principle governing removal of actions from state to federal court"). This conclusion is bolstered by the concluding language in Section 1452(f)(3), which provides that, when Freddie Mac seeks to exercise the removal powers granted to it, it shall "follow[] any procedure for removal of causes in effect at the time of such removal." The only potentially applicable procedures for removal are those set forth in 28 U.S.C. §§ 1446-1451, which apply to actions removed *by defendants*. *See* 28 U.S.C. 1446(a).

When Congress has intended to permit a plaintiff to remove an action to federal court, its intent generally has been plainly expressed, and there have been evident reasons for doing so. Section 1454 of Title 28, which governs actions relating to patents, plant variety protections, or

---

[3] Section 1452 indisputably "change[s] the timing for Freddie Mac to remove cases from the 30-day period in the general removal statute, 28 U.S.C. § 1441(a), to 'any time before trial.' This timing change is not a fundamentally conflicting shift in the manner in which removal generally occurs, as allowing plaintiffs to remove would be." *Fed. Home Loan Mortg. Corp. v. Amersey,* No. 13-13753, 2014 WL 1400086 *2 (E.D. Mich. April 9, 2014).

copyrights, includes what are described in the statute as "special rules" for removal, and those special rules unambiguously provide that, when removal is based solely on Section 1454(b), then such an "action may be removed *by any party.*"  28 U.S.C. § 1454(b) (1) (emphasis supplied). Actions relating to patents and copyrights are, of course, matters of core constitutional concern appropriately committed to the jurisdiction of the federal courts.  *See* U.S. Const. art. I, § 8, cl. 8. The FDIC chartering statute, which Freddie Mac claims contains removal provisions similar to those in its chartering statute, is, in fact, much more explicit than is Section 1452 in granting the FDIC authority to remove actions in the capacity of a plaintiff.  Section 1819 of Title 12 provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit or proceeding is filed against the [FDIC] *or the [FDIC] is substituted as a party*."  12 U.S.C. § 1819(b)(2)(B).  "The latter provision – where the FDIC is substituted as a party – 'is typically involved when the FDIC, in its receiver capacity, is substituted for a failed [national] bank, either as a plaintiff or defendant.  Not surprisingly, courts have held that the filing of a notice of substitution, which makes the FDIC a party to the action, immediately triggers the right to remove[.]'"  *Amersey,* 2014 WL 1400086, at *5 (quoting *Allen v. FDIC,* 710 F.3d 978, 981 (9th Cir. 2013)).  Congress could reasonably conclude that the need for uniformity in the treatment of such cases justified granting the FDIC "far broader access to the federal courts than is available to ordinary litigants[.]"  *Allen,* 710 F.3d at 985.[4]

When it comes to statutory construction, context matters.  *See Yates v. United States,* 135 S.Ct. 1074, 1081-1082 (2015).  "Whether a statutory term is unambiguous . . . does not turn

---

[4] It bears noting that the FDIC's chartering statute contains a so-called state action exception to federal jurisdiction.  *See* 12 U.S.C. § 1819(b)(2)(D); *see also, e.g., FDIC v. Davidyuk,* No. C13-1592JLR, 2014 WL 2893309 **4-5 (W.D. Wash. June 25, 2014) (discussing "state action exception").  There are no federal claims in this case.

solely on dictionary definitions of its component words. Rather, '[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997)). In at least one other instance, the United States Supreme Court has held that Congress did not intend the term "party" to apply equally to a plaintiff and a defendant. In *Christiansburg Garment Co. v. Equal Employ't Opportunity Comm'n,* 434 U.S. 412, 418 (1978), the Court rejected the defendant's "plain meaning" argument regarding the term "prevailing party," reasoning that the permissive language of the statue "did not even invite, let alone require" the mechanical construction for which the defendant advocated. *Id.* If Freddie Mac is correct that it is entitled to remove an action that it chose to initiate in state court, then "Congress has given it startlingly preferential treatment over all other congressionally created entities and has endowed it with rights given to no other government entity." *Shaffer,* 2014 WL 7180777, at *3; *see also Ocwen Loan Serv., LLC,* 2015 WL 85264, at *4. There is nothing in the chartering statute or in the legislative history substantiating a congressional intent to expand federal jurisdiction to this extent for a corporation that is privately owned and publicly traded. *See Shaffer,* 2014 WL 7180777, at **7-8.

Nor does the fact that Mr. Litano has asserted counterclaims against Freddie Mac challenging the foreclosure on his home justify interpreting Section 1452 as allowing for the removal of a summary process ejectment action to federal court where those counterclaims are based exclusively on state law and are matters within the jurisdiction and well within the expertise of the Massachusetts Housing Court, and are governed there by procedural rules designed to expedite actions that would not apply in federal court (Dkt. 1-4). *See Bank of Am.,*

10

*N.A. v. Rosa,* 466 Mass. 613, 626 (2013) ("The plaintiff banks' fear of protracted litigation is not supported by any evidence that appreciably more time will be required to litigate defenses and counterclaims in a post-foreclosure summary process action than is required to litigate similar defenses and counterclaims . . . in a landlord-tenant summary process action, including those that seek equitable relief and damages under G.L. cc. 93A and 151B.") Finally, while Freddie Mac's removal of this case is not the kind of blatantly inappropriate forum shopping that occurred in the *Ocwen Loan Servicing, LLC* case, where Freddie Mac removed the case to federal court after learning that a state court judge intended to dismiss Freddie Mac's complaint on statute of limitations grounds, *see Ocwen Loan Servicing, LLC,* 2015 WL 685264, at *6, there is reason to be concerned that Freddie Mac's interpretation of Section 1452 provides an opening for inappropriate forum shopping.

### B. Abstention

Mr. Litano has suggested that even if the court concludes as a matter of statutory construction that Freddie Mac is entitled to remove this case to federal court, the court should abstain from exercising jurisdiction over it pursuant to *Burford v. Sun Oil Co.,* 319 U.S. 332 (1943). (Dkt. 12). There is some authority to support this contention. "[D]ispossessory actions are now, and have always been, primarily state court matters. State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." *Fed. Home Loan Mortg. Corp. v. Matassino,* 911 F. Supp. 2d 1276, 1284 (N.D. Ga. 2012). "[E]ven where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'" *MCC Mortg. LP v. Office Depot, Inc.,* 685 F. Supp. 2d 939, 946-947 (D. Minn. 2010) (collecting cases) (quoting *MRM Mgmt. Co. v. Ali,* No. 97-CV-1029, 1997 WL 285043 *1 (E.D.N.Y. May 27,

1997)); *see also Fed. Home Mortg. Loan Corp. v. Briggs,* 556 F. App'x 557, 558 (8th Cir. 2014) (affirming remand of case removed to federal court by defendant; stating that remand was appropriate because Minnesota eviction statute sets out comprehensive and efficient procedure for resolving eviction cases); *Ocwen Loan Servicing, LLC,* 2015 WL 685264, at *6; *Mitchell,* 2014 WL 1663421, at **2-3.

Notwithstanding this authority, the undersigned does not recommend remand based on abstention. "[A]bstention is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976). The First Circuit has emphasized that "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Chico Serv. Station, Inc. v. Sol P.R. Ltd.,* 633 F.23d 20, 29 (1st Cir. 2011). Furthermore, strictly speaking, the *Burford* doctrine does not apply here. "'The fundamental concern in *Burford* is to prevent federal courts from bypassing a state *administrative* scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution.'" *Sevigny v. Employers Ins. of Wausau,* 411 F.3d 24, 27 (1st Cir. 2005) (emphasis supplied) (quoting *Pub. Serv. Co. of N.H. v. Parch,* 167 F.3d 15, 24 (1st Cir. 1998)); *see also Chico Serv. Station, Inc.,* 633 F.3d at 29 (abstention is proper only in "narrowly circumscribed situations where deference to a state's administrative processes for the determination of complex, policy-laden, state law issues would serve a significant local interest and would render federal-court review inappropriate"); *Kilroy v. Mayhew,* 841 F. Supp. 2d 414, 419 (D. Me. 2012) (same). There is no state administrative scheme at issue here, and, while summary process actions are an area of special expertise for the Massachusetts Housing and District Courts, it cannot be said that this court's exercise of jurisdiction would infringe on the Commonwealth's ability to resolve issues in the complex, policy-laden state law area of post-foreclosure challenges to a bank's

ownership of real estate. The courts of the Commonwealth have, over the last few years, provided substantial guidance in resolving issues such as those raised by Mr. Litano's counterclaims and there is no reason to believe that the federal courts cannot apply the principles those courts have set forth. *See generally, e.g., Rosa,* 466 Mass. at 614-626; *Bank of N.Y. v. Bailey,* 460 Mass. 327 (2011); *U.S. Bank Nat'l Assoc. v. Ibanez,* 458 Mass. 637 (2011).

## Conclusion

For all the foregoing reasons, I recommend that the case be remanded to the Massachusetts Housing Court as having been improperly removed to this federal court. As there was a plausible statutory basis for Freddie Mac's removal of the case, I further recommend that Mr. Litano's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) be denied.[5]

DATED: March 30, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U. S. MAGISTRATE JUDGE

---

[5] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.