```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

FEDERAL HOME LOAN MORTGAGE        )
CORPORATION,                      )
        Plaintiff                 )
                                  )
                v.                 )   C.A. No. 15-cv-10019-MAP
                                  )
JEFFREY D. LITANO, a/k/a          )
JEFFREY D.S. LITANO,              )
SARA DUPRAT,                      )
        Defendants                )


               **MEMORANDUM AND ORDER REGARDING**
                **REPORT AND RECOMMENDATION RE:**
              **DEFENDANT LITANO'S MOTION TO REMAND**
                      (Dkt. Nos. 11 & 19)

                          June 1, 2015

**PONSOR, U.S.D.J.**

    This litigation reveals a dubious practice on the part of Plaintiff Federal Home Loan Mortgage Corporation, whereby it will initiate a summary process proceeding against an unrepresented party in the state court, then immediately seek to remove the case to federal court if that party retains counsel, resists the eviction, and asserts counterclaims.  Plaintiff has attempted this removal stratagem here, and Defendant Litano has filed a Motion to Remand.  Dkt. No. 11.

    The motion was referred for Report and Recommendation to Magistrate Judge Katherine A. Robertson, and on March 30, 2015, Judge Robertson issued her recommendation to the

effect that the motion should be allowed.  Plaintiff filed a timely objection, and the issues raised by the motion to remand are now before this court for de novo review.

Given the scrupulousness of Judge Robertson's analysis, it is unnecessary to re-plow the ground she has covered.  As both parties acknowledge, the issue of Plaintiff's entitlement to remove this matter -- after filing it in state court in the first place -- has generated conflicting case law, none of it at the Circuit level.  See Report and Recommendation, Dkt. 19, at 4-5.  The more powerful argument, however, favors remand.  Allowing removal in these circumstances would not only countenance blatant forum shopping, but would place Plaintiff, in the words of Judge Robertson, "in a uniquely privileged position with regard to removal. . . ."  Id. at 5.

Moreover, acceptance of Plaintiff's argument would run counter to the general principle that, where a case has been brought in state court originally, only a defendant possesses the right to seek removal.  See 28 U.S.C. § 1441.  Like Judge Robertson, this court finds more persuasive the statutory analysis set forth in Fed. Home Loan Mortg. Corp. v. Shaffer, 2:14-cv-1690-WMA, 2014 WL 7180777(N.D. Ala. Dec. 17, 2014) and Fed. Home Loan Mortg. Corp. v. Amersey, No. 13-13753, 2014 WL 1400086 (E.D. Mich. April 9, 2014).

Plaintiff's reliance upon the removal provision of the FDIC chartering statute, 12 U.S.C. § 1819(b)(2)(B), is equally unavailing. Plaintiff argues that because the Eleventh Circuit has allowed the FDIC to remove as a state court plaintiff, FDIC v. S & I 85-1, Ltd., 22 F.3d 1070, 1073-74 (11th Cir. 1994), its interpretation of the analogous statute at issue here is not unprecedented. But the District of Massachusetts has taken a less favorable view of the FDIC statute. In FDIC v. Massachusetts Commissioner of Revenue, 1992 WL 249687 (D. Mass. 1992), Judge Keeton noted, in rationale that applies equally here, that Congress could only have intended for the FDIC to remove when it was substituted as a plaintiff, not when it _filed_ in state court. If not, Congress would have granted the governmental entity the tactical advantage of "seek[ing] a second forum only after perceiving a likelihood of failure in the forum of its initial selection." Id. at *3.

While the alternative argument supporting remand -- abstention -- is strong, it is not necessary to rely upon it here as a justification for remand. Nevertheless, it is worth noting that summary process litigation is traditionally a state court matter. State courts undeniably

have far more experience than federal courts with the procedural and substantive niceties of eviction practice. For this reason, absent the strong statutory-based argument, the court might well conclude that abstention would be appropriate here under <u>Burford v. Sun Oil Co.</u>, 319 U.S. 332 (1943), and its progeny.

For the foregoing reasons, upon <u>de</u> <u>novo</u> review, the court hereby ADOPTS the Report and Recommendation (Dkt. No. 19). Based upon this, the court hereby ALLOWS Defendant's Motion to Remand (Dkt. No. 11). This case is hereby ordered remanded to state court. Given the conflicting authority, the court will adopt the recommendation that Defendant's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) be denied. This case may now be closed.

It is So Ordered.

                                /s/ Michael A. Ponsor
                                MICHAEL A. PONSOR
                                U. S. District Judge